UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GUIDEONE MUTUAL INS. CO., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GREATER BIBLE WAY ) <br> COMMUNITY CHURCH, ) <br> ) <br> Defendant. ) | Case No. 4:16 CV 530 CDP |

## **MEMORANDUM AND ORDER TO SHOW CAUSE**

This newly filed case is before me on my review for subject matter jurisdiction. *See GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004) (courts have obligation to consider subject matter jurisdiction *sua sponte*). Plaintiff alleges that this Court has diversity jurisdiction over a declaratory judgment action involving an insurance policy. Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a).

In support of its allegation that, upon information and belief, the amount in controversy exceeds $75,000.00 in this case, plaintiff offers only the following allegations. Plaintiff is the insurer for defendant insured, which claimed that it sustained wind and hail damage to three insured buildings as a result of a storm.

Plaintiff alleges that it retained an independent adjuster to inspect the properties, which concluded that most of the damage was caused by wear and tear and poor workmanship and/or maintenance, not storm damage. Plaintiff estimated defendant's covered damages to be $5,857.35. Because defendant had a $2,500.00 deductible under the policy, plaintiff sent defendant a check in the amount of $3,357.35. Plaintiff alleges that it received a call from the insured requesting that it re-inspect the buildings and reconsider the partial denial of its claim. Apparently, a contractor retained by defendant estimated the repair to one of the buildings at $38,032.64. Plaintiff seeks a declaration that it owes no coverage under the policy for any claimed damage to the buildings beyond what it has already paid.

Plaintiff's complaint does not allege sufficient facts for this Court to find that it has subject-matter jurisdiction over this declaratory judgment action. According to plaintiff, defendant's covered losses only totaled $5,857.35. Moreover, plaintiff does not allege that defendant has ever asserted that its damages exceed $75,000. According to the complaint, defendant only submitted to plaintiff the estimated cost to repair one of its buildings in the amount of $38,032.64. While it is true that three of defendant's buildings sustained storm damage, there is nothing in the complaint to suggest that the total amount of defendant's losses would exceed $75,000.00, just because an estimate to repair one

of those buildings totaled almost $40,000.00. The complaint does not allege that any demand was made by defendant for coverage in an amount exceeding $75,000.00, and there are no allegations that defendant has instituted suit against plaintiff in any other court for damages exceeding $75,000.00. There is nothing in this complaint to support plaintiff's conclusory allegation that, upon information and belief, the amount in controversy exceeds the jurisdictional minimum of $75,000.00.

Accordingly,

**IT IS HEREBY ORDERED** that **plaintiff shall show cause in writing no later than April 29, 2016, why the complaint should not be dismissed without prejudice for lack of subject matter jurisdiction. Failure to timely comply with this Order to Show Cause will result in the dismissal of this action without prejudice without further notice by the Court**.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of April, 2016.